# NEW JERSEY MISCELLANEOUS REPORTS. 15

N. J. Dept. Labor—Morrell v. Ward Baking Co.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

## VALENTINE MORRELL, PETITIONER, v. WARD BAKING COMPANY, RESPONDENT.

**Hernia—Evidence Examined and the Statutory Conditions Found to be Present—"Prostration" Defined.**

On determination and rule for judgment.

For the petitioner, *Frank W. Long.*

For the respondent, *Frank G. Turner.*

The above matter came on for a formal hearing before me, in Newark, on October 30th, 1925, after numerous adjournments, the petitioner being represented by Counselor Frank W. Long, and the respondent by Counselor Frank G. Turner, who did not appear. Mr. Morrell testified on his own behalf, and Mr. Overman and Dr. Steffanelli also testified on behalf of the petitioner. I cross-examined all the witnesses and the petitioner.

The petitioner testified that on June 1st, 1925, about eleven forty-five P. M., at the plant of the respondent in Ampere, while in the course of his employment, he was pulling a truck of bread pans weighing about one thousand five hundred pounds across the floor, when he suddenly felt a sharp and severe pain in his left groin. He said he started to perspire, felt weak in the knees, was dazed and was breathing very fast. He immediately dropped the hook with which he had been pulling this truck and staggered over to the automatic bread-moulding machine about three feet away and rested there for a few minutes by sitting on this machine. He said he walked or staggered over to Overman's machine, a fellow-employe, about ten feet away, and told him what had happened. He testified that he then went down to the

locker room on the next lower floor and lay on the table at full length for about an hour. He ceased work immediately after the accident. While lying on the table, he testified that he took his trousers down and several fellow-employes examined him and said there was a lump over his left groin. He said that after lying on the table he walked to his home, which was only two short blocks from the plant, with a friend. The next day, June 2d, he called in Dr. Steffanelli, who examined him about two P. M., and told him he had a rupture. He also testified that he notified Freddy Fellows, his immediate superior in the respondent's plant, on June 2d, and that on Friday of the same week be bought a truss on the advice of Dr. Steffanelli and wore it for about two months. When asked if he had had an operation, he said that one was advised as the only cure, but that he did not want one now.

James Overman, a fellow-employe, testified on behalf of the petitioner and corroborated the petitioner's testimony as to his condition immediately after the accident, and that he felt the lump while petitioner was lying on the table.

Dr. Steffanelli testified that he examined the petitioner on June 2d, 1925, and found he had a hernia in the left groin, caused by the accident of June 1st, and that there had been a descent. He further testified that he had examined the petitioner several times previous to the accident and had never found any trace of rupture.

From all the testimony, I find that the five requirements of the Workmen's Compensation act, named as conditions precedent for the allowance of compensation for hernia, have been fulfilled in this case, and that petitioner refuses an operation. The medical expenses, as testified by the petitioner, were $15 for physician's services and $5.50 for the truss, and that his salary was $35 per week. The respondent has made no payments, either for medical treatment or compensation. In my opinion, the section of the hernia clause, which provides "that there was such prostration that the employe was compelled to cease work immediately," means that the employe was incapacitated to the extent that

he had to stop at once. Not that he was necessarily prostrated—lying inert on the floor—but the fact that the word prostration is modified by "such," shows that the entire clause must be read as a whole with the resultant interpretation that the man does not have to be lying prone, but that there is such a depression of the bodily functions, or the vital energies, that the person was compelled to cease work immediately. Such was the case here, and I find the third requirement fully covered.

Accordingly, it is hereby determined and ordered that judgment be entered for the petitioner, in the amount of twenty weeks, at the rate of $17 per week, as compensation, $22.50 for medical expenses and $10 costs. I also find that counsel for petitioner is entitled to an attorney fee of $50.

HARRY J. GOAS,<br>
<em>Deputy Commissioner.</em>